U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 28 2014

CHRIS R. JOHNSON, Clerk
By
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACY LINVILLE      PLAINTIFF

VS.     NO. 14-5234

SCOTTSDALE INSURANCE COMPANY      DEFENDANT

## COMPLAINT

Comes now Plaintiff, Stacy Linville (hereinafter "Plaintiff" or "Ms. Linville"), by and through counsel, Mays, Byrd & Associates, P.A., and for her complaint against Defendant, Scottsdale Insurance Company (hereinafter "Defendant" or "Scottsdale"), hereby states as follows:

### JURISDICTION AND VENUE

1. The plaintiff in this action is an individual who resides at 7403 East 133 Street, Grandview, Missouri, 64030, and who is a citizen of the State of Missouri. The defendant in this action is a company domiciled in the State of Ohio, with its principal place of business at 8877 North Gainey Center Drive, Scottsdale, Arizona, 85258. There is complete diversity of citizenship in this action, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000 so that this court has jurisdiction over this matter under 28 U.S.C. § 1332.

2. Defendant has substantial contacts with the State of Arkansas, particularly as relates to the actions and omissions that give rise to the claims asserted in this complaint, so that it is proper for this court to exercise jurisdiction over this defendant. This defendant may be served with process by serving an officer or agent for service of process, whose address is 8877 North Gainey Center Drive, Scottsdale, Arizona, 85258.

1

3. As more fully explained below, the action involves a contract to insure property located in Benton County, Arkansas. The contract was made in Benton County, Arkansas, is to be performed there, involves property located there, and virtually all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under 28 U.S.C. § 1391.

## COUNT I
## BREACH OF CONTRACT

4. Plaintiff refers to and incorporates by reference paragraphs 1 through 3, above.

5. At all relevant times, the plaintiff was and is the owner of real property located at 8059 SW Regional Airport Blvd., Bentonville, AR, 72712. The insured property consists primarily of a single family dwelling and personal property contained therein.

6. On or about April 2, 2012, the defendant sold the plaintiff a policy of insurance covering the property described above, against numerous risks, including fire. A true and correct copy of the insurance policy is attached to this complaint as Exhibit "A" and is incorporated by reference as if fully set forth in this complaint.

7. On or about June 12, 2012, while the policy of insurance described above was in full force and effect, the insured property was destroyed by a covered risk, a fire.

8. As a result of the fire, the plaintiff's property was damaged. The amount of the damages and the amount that the defendant owes to the plaintiff under the policy of insurance are to be established by the evidence presented at trial in this matter, but in no event less than $75,001.

9. The plaintiff has fulfilled all conditions required on her part for payment under the policy, including but not limited to filing a timely proof of loss with the defendant.

2

10. Following the fire, an arson investigation was conducted by the proper authorities and failed to warrant charges against any individual. A true and correct copy of the police report summary is attached to this complaint as Exhibit "B" and is incorporated by reference as if fully set forth in this complaint

10. Despite the plaintiff's demands, the defendant has breached the insurance contract by failing to pay the loss within the specified time in the policy, and continues to fail and refuse to pay the plaintiff any sums on the policy of insurance.

11. The plaintiff has been damaged by the defendant's breach of the insurance contract in the amount of its covered loss resulting from the fire or up to amount of the policy limits.

## COUNT II
## BAD FAITH

12. The plaintiff refers to and incorporates by reference paragraphs 1 through 3 and 5 through 11, above.

13. Two years after the date of loss, the defendant is in a reasonable position to admit or refuse payment on the policy.

14. The defendant has failed to provide any reasonable grounds for refusal to pay under the policy. Plaintiff has attempted to contact the defendant on multiple occasions to demand payment on the policy or to receive explanation for the defendant's refusal to pay. The plaintiff's inquiries were ignored.

15. The failure of the defendant to pay on the policy or offer explanation for its refusal to pay is unreasonable and without any foundation in law and fact, and the defendant knows or would know, had it fulfilled its obligations to conduct a timely and reasonable investigation of the plaintiff's claim, that its position is unreasonable and without any foundation in law and fact.

16. The defendant's position is without any reasonable foundation because it can no longer show a reasonable need to continue its investigation of the loss. An arson investigation by proper authorities has failed to warrant charges against any individual.

17. The defendant is aware of the aforementioned facts and has failed to meets its obligations under the policy or offer an explanation for its refusal.

18. The conduct of the defendant is in breach of the tort duties of good faith created by the policy of insurance.

19. In addition to the loss of policy benefits in the amount to be determined by the trier of fact, the plaintiff has been further damaged by the defendant's bad faith:

    a. Because the plaintiff has suffered grief and emotional distress as a result of the defendant's failure to keep its promises to the plaintiff in the plaintiff's time of need. This policy of insurance was sold to the plaintiff on the representation and with the mutual understanding that one of its principal purposes was to provide the plaintiff with peace of mind that adequate and prompt compensation would be provided in the event that the plaintiff's property was damaged by a covered risk.

    b. Because the plaintiff has been deprived of the funds needed to repair her property in a timely manner and keep the plaintiff's property from further deterioration.

    c. Because the defendant's delay in payment of the claim has caused the plaintiff to incur time, expense, and interest charges in securing funds to pay for repairs that could and should have been paid for by the defendant on the policy.

d. Because the plaintiff has had to hire an attorney and pay attorney's fees in an amount to be established at the trial of this matter in order to collect on the policy of insurance.

20. In doing the acts alleged in this complaint, the defendant has acted with:

a. Malice, because this conduct was intended to injure the plaintiff so as to make the plaintiff willing to settle for less than what was rightfully due on the policy of insurance.

b. Malice, because the conduct was despicable and in willful and conscious disregard of the plaintiff's rights under the policy when, two years after being informed of the loss, the defendant continued to deny the plaintiff's claim with no reasonable basis.

c. Oppressive, because the conduct was despicable and subjected the plaintiff to unjust hardships described above in conscious disregard of the plaintiff's rights under the policy.

21. The conduct of the defendant has also established that the plaintiff was fraudulently induced to purchase the policy of insurance because, given the defendant's conduct following the plaintiff's claim on the policy, it is clear that the defendant made the promises under the policy with no intention to fulfill them.

22. For the reasons stated in paragraphs 17 and 18, the plaintiff is entitled to recover exemplary or punitive damages in an amount to be determined by the trier of fact.

## PRAYER FOR RELIEF

Plaintiff requests that a summons be issued to the defendant in this matter, and that after trial, the plaintiff recover from the defendant:

23. The amount of the covered loss resulting from the fire or up to amount of the policy limits described in the complaint.

24. In addition to the loss, a twelve percent (12%) penalty fee plus reasonable attorney's fees for failure to pay the loss within the specified time in the policy, pursuant to A.C.A. § 23-79-208.

25. Compensatory damages for the defendant's bad faith denial of the plaintiff's claim under the policy of insurance described in the complaint, including damages for the plaintiff's emotional distress, all in an amount to be determined by the trier of fact.

26. Reasonable attorney's fees as related to Defendant's bad faith in refusing to pay under the policy.

27. Prejudgment interest on these sums as allowed by law.

28. Exemplary or punitive damages in the amount as determined by the trier of fact.

29. Post-judgment interest on these sums as allowed by law.

30. Any other and further relief that may be justified.

31. Plaintiff requests a trial by jury on all issues herein plead.

WHEREFORE, Plaintiff, Stacy Linville, prays that this Court enter judgment against Defendant, Scottsdale Insurance Co., in her favor for all damages proximately caused by Defendant, and for all costs and attorney's fees plus any other relief to which she may be entitled.

Respectfully Submitted,

Mays, Byrd & Associates, P.A.
415 Main Street
Little Rock, AR 72201
(501) 372-6303


BY: _____
Richard L. Mays #68036

Attorney for Plaintiff

7